# United States District Court
# Eastern District of California

| | |
|---|---|
| LENA RENAE COLEMAN, | 08-CV-1450 TJH |
| Petitioner, | |
| v. | Order |
| WARDEN KERT EICHENBERGER, | |
| Respondent. | |

David Mitchell and Lena Renae Coleman ("Petitioner") began living together in Petitioner's apartment, but then separated a few months later. They reconciled, but never lived together again. However, Petitioner moved some of Mitchell's belongings back into her apartment.

Eventually Mitchell decided to end the relationship and remove his belongings from her apartment. Mitchell asked an old girlfriend, Sherry Johnson, and her son, James Dixon, to help him move out. While Mitchell and Dixon went to Petitioner's apartment, Johnson waited at a nearby store. After Mitchell and Petitioner exchanged angry words in Petitioner's doorway, Mitchell pushed his way past Petitioner, and Dixon left to wait with his mother. Mitchell picked up some clothes, and Petitioner

pointed a gun at Mitchell. Petitioner shot Mitchell in the chest after telling him, "If I can't have you, nobody can have you."

Mitchell escaped to the store at which Johnson and Dixon were waiting for him. Johnson called 911.

Twenty minutes later, police arrived at Petitioner's home. No one was present in the apartment, but the lights, television and stereo were on. Ten days later, police knocked on Petitioner's door, identified themselves, and, when no one responded, entered the apartment. Inside, they found and arrested Petitioner.

A jury found Petitioner guilty of attempted murder and assault with a firearm. Petitioner was sentenced to thirty-two years to life in prison. Petitioner, now, seeks a writ of *habeas corpus*, based on numerous alleged trial defects.

This Court may not grant relief to Petitioner unless prior state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Lafler v. Cooper*, __ U.S. __, __, 132 S. Ct. 1376, 1390, 182 L. Ed. 2d 398, 413 (2012). Having reviewed the record established at trial, the Court now addresses Petitioner's asserted grounds for relief.

First, Petitioner seeks relief based on the trial court's decision to admit Johnson's 911 call. The Sixth Amendment bars the admission of testimonial evidence from witnesses unavailable for cross-examination by defendants. *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d 177, 192 (2004). However, this bar does not apply to non-testimonial evidence. Johnson's statements were non-testimonial, as they were made in the course of 911 call, under circumstances objectively indicating that the primary purpose of the call was to enable assistance to meet an ongoing emergency. *See Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273, 165 L. Ed. 2d 224, 237 (2006). This is evident from the

fact that the 911 call involved only basic information about what had happened and who had committed violence – two topics about which emergency responders should inquire. Thus, Petitioner's Sixth Amendment right to confront witnesses testifying against her was not violated by the trial court's decision to admit Johnson's 911 call.

Second, Petitioner seeks relief based on the trial court's actions with respect to alleged juror misconduct. Two days before deliberations, Juror number 5 notified the bailiff that he recognized a woman watching the trial as the victim's cousin. The bailiff stated in a declaration that he immediately relayed this information to the judge and both parties. Then, shortly before the jury announced its verdict, the jury foreperson notified the bailiff that Juror number 5 knew this woman and had spoken with her for less than a couple of minutes. Petitioner's attorney claims not to have learned about this until after the verdict was announced. Petitioner moved the court to release juror addresses and telephone numbers to enable the investigation of possible juror misconduct.

Based on subsequent juror interviews and declarations, the trial court concluded that there was only a tenuous connection between Juror number 5 and the victim's cousin, that the two were causal acquaintances. Moreover, the court believed that, at most, the two had exchanged greetings. Thus, the court concluded, Petitioner was not prevented from receiving a fair trial. However, Petitioner asserts that her Sixth Amendment right to an impartial jury was violated, and that the trial court erred by denying Petitioner's motion for a new trial and by failing to hold a hearing to question Juror number 5 in person.

While the Sixth Amendment guarantees the criminally accused a fair trial by a panel of impartial jurors, a new trial is not required every time a juror is placed in a potentially compromising situation. *Smith v. Phillips*, 455 U.S. 209, 217, 102 S. Ct. 940, 946, 71 L. Ed. 2d 78, 86 (1982). Instead, the remedy for allegations of jury

partiality is a hearing in which the defense may prove actual bias. *Smith*, 455 U.S. at 215. Here, the trial court held an adequate hearing. *See Dyer v. Calderon*, 151 F.3d 970, 975 (9th Cir. 1998). The court, then, issued a detailed ruling explaining why no misconduct had occurred. That finding, that no misconduct occurred, is entitled to a presumption of correctness, *See Dyer v. Calderon*, 151 F.3d at 975, and no facts have been presented to bring into question this finding's accuracy. Based on this finding, the trial court correctly decided not to grant Petitioner's motion for a new trial. In sum, the trial court did everything constitutionally required in these circumstances, and in no way violated Petitioner's Sixth Amendment right to an impartial jury.

Third, Petitioner seeks relief based on admission into evidence of a bullet recovered at the crime scene. One bullet was removed from the victim's chest during surgery; a second was found in the wall of Petitioner's apartment. Together, these bullets appeared to corroborate the victim's statement that two shots had been fired.

While Petitioner objects to the trial court's decision to admit the second bullet into evidence, this Court cannot grant relief on such grounds, because no federal issue is alleged, nor was any federal law violated. Federal *habeas corpus* relief does not usually lie for errors of state law, including allegations that inadmissible evidence was admitted. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385, 396 (1991). Further, the Constitution simply ensures that state court criminal proceedings are fundamentally fair and the category of actions which violate this standard is narrow. *McGuire*, 502 U.S. at 72-73. Because the second bullet did not affect the prosecution's basic argument that defendant shot Mitchell as he attempted to leave, the admittance of the bullet into evidence could not have altered the fairness of the trial, or its outcome. Thus, this court cannot grant relief to Petitioner based on the trial court's decision to admit the second bullet into the record.

Fourth, Petitioner seeks relief based on the trial court's post-trial decision not

to authorize funds for ballistic testing of the two bullets. Fundamental fairness entitles indigent defendants to an adequate opportunity to present their claims fairly within the adversarial system. *Ake v. Oklahoma*, 470 U.S. 68, 77, 105 S. Ct. 1087, 1093, 84 L. Ed. 2d 53 (1985). However, federal *habeas* relief is not available to redress alleged procedural errors in state post-conviction proceedings. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). Thus, Petitioner cannot be granted relief based on her claim that the trial court committed a post-trial procedural error by not authorizing funds for ballistic testing.

Fifth, Petitioner seeks relief based on her attorney's failure to request ballistic testing earlier in the trial process. To demonstrate ineffective counsel, a "defendant must show that ... counsel's errors were so serious as to deprive the defendant of a fair trial ... ." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Petitioner cannot show that she was deprived of a fair trial, because, even if the bullets were shown to be fired from different guns, that would not significantly undermine the victim's credibility for two reasons: (1) The victim's belief that two bullets were fired could still be correct (perhaps the second bullet was simply never recovered); (2) even if the victim's belief was incorrect, this would not lead a reasonable jury to determine that the victim's material recollections – for example, about the identity of his shooter – may, also, have been incorrect. Thus, that Petitioner's attorney failed to request ballistic testing earlier in the trial process did not violate Petitioner's constitutional right to effective counsel.

Sixth, Petitioner seeks relief based on the trial court's decisions to prevent the victim's probationary status from being raised during cross-examination, and to deny Petitioner's motion for a new trial based on this allegedly improper exclusion. The victim was on probation at the time of the shooting and, according to Petitioner, this gave the victim a prejudicial incentive to deny involvement in any physical altercation

with Petitioner immediately preceding the shooting. The trial court indicated that cross-examination regarding the victim's probationary status may have been appropriate, and asked Petitioner to establish a foundation for the discussion of the matter by introducing evidence indicating that the victim may have been concerned about his probation status. After Petitioner failed to produce such evidence in a timely fashion, the trial court declined to extend the time within which to produce such evidence, and refused to allow the victim's probationary status to be introduced.

Petitioner argues that the trial court's refusal to allow for the introduction of the victim's status violated her Sixth Amendment right to confront witnesses testifying against her. The Sixth Amendment's confrontation clause guarantees defendants the right to expose a witness's motivation. *Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1435, 89 L. Ed. 2d 674, 682-83 (1986). However, the Sixth Amendment does not prevent a court from imposing limits on a defendant's inquiry into the potential bias of a witness. *Delaware,* 475 U.S. at 679. Further, a court does not violate a defendant's constitutional right to confront witnesses when it instructs a defendant to take simple steps to lay a foundation for asking certain questions, and then, when the defendant fails to lay a foundation, refuses to allow the defendant to ask those questions. *Smith v. Cupp*, 457 F.2d 1098, 1099-1100 (9th Cir. 1972). Thus, Petitioner's Sixth Amendment right to confront witnesses was not violated.

Seventh, Petitioner seeks relief based on the nature of the trial court's jury instruction regarding flight and failure to instruct on an affirmative defense of self-defense or imperfect self-defense. Petitioner claims that each of these jury instruction decisions resulted in a violation of her constitutional rights to due process and trial by jury.

The trial court properly instructed the jury with respect to these matters.

However, even if this were not the case, the Court would deny Petitioner relief, as jury instructions which are simply erroneous under state law may not form the basis for federal *habeas* relief. *Gilmore v. Taylor*, 508 U.S. 333, 342, 113 S. Ct. 2112, 2117, 124 L. Ed. 2d 306 (1993). Thus, even if the evidence presented at trial did not, under state law, support an instruction on flight, and did support instructions on self-defense or imperfect self-defense, the trial court's alleged errors would not entitle Petitioner to federal *habeas* relief. Thus, Petitioner's constitutional rights were not violated by the trial court's jury instructions.

It is Ordered that the petition be, and hereby is, Denied.

Date:   August 30, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge